IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


GRANT R. PIRTLE,

                    Plaintiff,

v.                                                                CIV 09-0656 MCA/KBM

EDDY COUNTY DETENTION CENTER, *et al.*,

                    Defendants.


# ORDER GRANTING EXTENSION FOR SERVICE

THIS MATTER is before the Court on Plaintiff's Motion for Extension and Service by Publication *(Doc. 18)* filed December 2, 2009.  Plaintiff acknowledges that the deadline for service of all defendants was November 16, 2009 and that Defendant Leslie Johnson, the former warden of the defendant facility, has not yet been served.  As grounds for the requested relief, Plaintiff's counsel states in the motion that "Eddy County Sheriff's Office was unable to locate and serve Defendant Leslie Johnson" and that "Plaintiff has earnestly investigated, but been unable to obtain the location." *Id.*

Certainly these conclusory statements fail to warrant authorization for service by publication pursuant to Rule 1-004(J) NMRA.[1]  New Mexico courts have upheld "constructive" service by publication in *in rem* or *quasi in rem* actions where the court can assume control of the property located within the jurisdiction.  *See Chapman v. Farmers Ins. Group*, 90 N.M. 18 (Ct.

---

[1] Rule 4(e) of the Federal Rules of Civil Procedure authorizes that service on an individual "may be effected in any judicial district of the United States . . . pursuant to the law of the state in which the district court is located. . . ."

App. 1976).  But this action for employment discrimination under Title VII and Section 1981

requires *in personam* jurisdiction which must be accomplished by personal service within the state

or personal service outside the state in conformance with the New Mexico long-arm statute and

due process clause of the Constitution.  Nevertheless,

> New Mexico courts make an exception to the requirement of
> personal service "in cases where the defendant, being aware that
> civil action may be instituted against him, attempts to conceal
> himself to avoid service of process." *Clark v. LeBlanc*, 92 N.M. 672,
> 673, 593 P.2d 1075, 1076 (1979).  This exception is based on the
> fact that "[i]n concealing himself, the defendant, by his own
> action, renders personal service or process impossible.  This action
> constitutes a waiver of notice of the proceedings sought to be
> avoided . . . .   To allow a person to escape his civil obligation by
> purposefully hiding himself would be to encourage deception."  *Id.*
> In order to permit substituted service on the basis of evasion, the
> Court must make a finding of fact that the defendant intentionally
> avoided service of process.  *Edmonds v. Martinez*, __ P.3d __, 2009
> WL 2381282, at *4 (N.M. App. May 6, 2009).

*Cowan v. D'Angelico*, CIV 09-0483, *Doc. 49* at 4 (September 15, 2009).  Here, Plaintiff makes no

such allegation of purposeful evasion to support service by publication.

Yet even if such an allegation could be made in the instant case, the motion is

procedurally deficient.

> Rule 1-004(J) NMRA, Rules of Civil Procedure for the District
> Courts of New Mexico, provides that "[u]pon motion, without
> notice, and showing by affidavit that service cannot reasonably be
> made as provided by this rule," the court may order service by
> publication, or any other method reasonably calculated to apprise
> the defendant of the existence and pendency of the action and
> afford a reasonable opportunity to appear and defend. Rule 1-
> 004(K) NMRA provides that "[s]ervice by publication may be
> made only pursuant to Paragraph J of this rule," which requires an
> affidavit. In addition, a motion for service by publication must
> include a copy of the proposed notice to be published, and the
> notice of pendency must include all of the information required by

Rule 1-004(K)(2) and (3). . . .

*Id.* at 3 (noting that Tenth Circuit has upheld service by publication where plaintiffs satisfied <u>all</u> requirements of the applicable state law in *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985)).  Again, Plaintiff has made no attempt to meet the statutory requirements set forth above.

Finally, it is questionable whether the general, conclusory statements asserted in the motion rise to the level of a showing of "good cause" for a mandatory extension of the service deadline.  *State of Oklahoma ex rel Bd. of Regents v. Fellman*, 2005 WL 2886236 at *1 ("a district court must extend the time for service if a plaintiff shows good cause.").  Rather, "good cause" requires that the plaintiff demonstrate that he was "meticulous in [his] efforts to comply with the Rule."  *Despain v. Area Metro Gang Unit*, 13 F.3d 1436,1438 (10th Cir. 1994).  Rule 4(m), however, does give me the discretion to order that service be made within a specified time.  It is still early in this action so I find no real prejudice to the defendants if a short extension is granted.  I further note that it is unclear whether the applicable statute of limitations would bar a re-filed action.

Wherefore,

IT IS HEREBY ORDERED that Plaintiff's Motion for Extension and Service by Publication *(Doc. 18)* is granted in part.  Plaintiff is given an extension of time to serve Defendant Leslie Johnson, such service to be accomplished no later than January 4, 2009. In all other respects, the motion is denied.

_____
UNITED STATES MAGISTRATE JUDGE

3